UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIN STAR INTERNATIONAL, INC.; TS INVESTMENT HOLDING CORP., <br><br> Plaintiffs, <br> v. <br> WHALEN FURNITURE MANUFACTURING, INC., <br><br> Defendant. | Civil No.11cv1984 AJB (WVG) <br><br> ORDER OVERRULING PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE GALLO'S JUNE 28, 2013 ORDER AND GRANTING DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL <br><br> (Docs. No. 58 and 60) |

Plaintiffs have filed objections to Judge Gallo's June 18, 2013 Order (Doc. No. 56), which followed a Status Conference on June 18, 2013. Defendant has filed its opposition. Following a review of the pleadings on file in this case, the Court overrules Plaintiffs' objection and affirms Judge Gallo's Order for the reasons set forth below. In addition, the Court GRANTS Defendant's Motion to File Documents Under Seal. (Doc. No. 60.)

## BACKGROUND

Judge Gallo held a Status Conference on June 18, 2013. This was an informal proceeding, without advance briefing and was discussed "off the record."[1]

---

[1] Defense counsel Randall S. Waier states in his Declaration that the matter was heard "on the record." (Doc. No. 62, at 7:3-5.) Upon inquiry of Judge Gallo's chambers,

In the subject Order, Judge Gallo ruled, among other things, that the Plaintiffs were to identify, by Bates stamp number, all documents that they reasonably intend to use at Plaintiffs' depositions in Hong Kong. Similarly, Defendant was also required to identify by Bates stamp number, all documents that it reasonably intends to use at Defendant's depositions in Hong Kong.

Plaintiffs have filed an Objection requesting "independent review" of the Court's Order and indicating that the Court is essentially ordering the production of work product information without a showing of substantial need or undue hardship by the defendants in this case.

## STANDARD OF REVIEW

Discovery orders are ordinarily considered non-dispositive because they do not have the effect of dismissing a cause of action, a claim or a defense, affect the issuance of an injunction, or have some other conclusive consequence. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990). Due to discovery motions' nondispositive nature, decisions by a magistrate judge regarding the scope and nature of discovery are "afforded broad discretion." *Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.*, 2008 U.S. Dist. LEXIS 21530, *2 (S.D. Cal. March 18, 2008).

For nondispositive matters, like the majority of discovery rulings, the district judge in a case must modify or set aside any part of the order that is clearly erroneous or contrary to law. *Id. See also* 28 U.S.C. § 636(b)(1)(A); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

"Under this standard of review, a magistrate [judge]'s order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v.*

---

it was confirmed that the matter was not on the record but rather an informal discussion from which Judge Gallo's Order issued.

*Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002); *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

In contrast, and not applicable here, if the matter were considered "dispositive" it would be reviewed on a de novo standard. 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

## ATTORNEY WORK PRODUCT PRIVILEGE

A Court may order disclosure of work product, if "good cause" is shown. *See* Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 511-512 (1947). Ordinarily, work product, such as an attorney's compilation of documents and other raw information, is discoverable upon a showing that the party seeking discovery has substantial need for the disclosure, and is unable to otherwise procure it without undue hardship. Fed. R. Civ. P. 26(n)(3); *Martin Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1262 (3rd Cir. 1993). In appropriate cases, the examining attorney may be required to identify before deposition all documents about which he or she intends to question the deponent. The examining attorney's selection may be "work product," but it is only a qualified privileged because it will be disclosed eventually. *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1015 (1st Cir. 1988). *In re Remac Sec. Litig.* 2009 U.S. LEXIS 131999, at *11, an opinion authored by this Court, citing *In re San Juan Dupont Plaza Hotel Litigation*, in a footnote that "no opinion - work-product protection should attach unless disclosure creates a 'real, nonspeculative danger of revealing the lawyer's thoughts,' and unless the lawyer had a justifiable expectation that the mental impressions would remain private." (Emphasis added.)

## DISCUSSION

As indicated above, Judge Gallo is to be afforded broad discretion in the management of discovery. The documents on file relative to this motion, and to the case in general, indicate that Judge Gallo has been significantly engaged with the parties in

managing discovery to date in this case.  While the status conference was informal and no record exists, counsel have detailed their respective positions and the discussions with Judge Gallo. The totality of the circumstances in issue, including the logistics regarding the depositions scheduled for Hong Kong, and the fact that the documents themselves would be disclosed at the deposition in this case, present a scenario where, on balance would support findings of a substantial need and undue hardship supporting such action. Whether or not this Court would have ruled similarly in the first instance, this Court cannot say that Judge Gallo's Order is clearly erroneous and certainly not contrary to law regarding the work product privilege.  Indeed, depositions in document-intensive cases overseas often require accommodations and a practical approach to the manner in which discovery should proceed, including depositions.  Given the seven (7) hour limit for depositions, it is not clearly erroneous to require the production of essential documents to ensure that the proceeding can be held within the presumptive time as set forth in the Federal Rules. Such action would also be consistent with Rule 1's mandate to secure the just, speedy, and inexpensive determination of the action. Based thereon, the Court overrules Plaintiffs' objections and affirms Judge Gallo's Order.  Counsel are directed to contact Judge Gallo for assistance in rescheduling the cancelled depositions and further moving this case forward at this time.

## CONCLUSION

For the reasons set forth above, Plaintiffs' objections are overruled and Judge Gallo's Order of June 18, 2013 is affirmed.  Additionally, the Court GRANTS Defendant's Motion to File Documents Under Seal.

IT IS SO ORDERED.

DATED: July 9, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge